Slip Op. 17-121

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEW MEXICO GARLIC GROWERS COALITION, et al., <br><br> Plaintiffs, <br><br> SHANDONG JINXIANG ZHENGYANG IMPORT & EXPORT CO., LTD., et al., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> ZHENGZHOU HARMONI SPICE CO., LTD., et al., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br><br> Consol. Court No. 17-00146 |

## OPINION AND ORDER

Barnett, Judge:  Before the court is consolidated plaintiff-intervenors[1] Shandong Jinxiang Zhengyang Import & Export Co., Ltd. ("Zhengyang") and Jining Alpha Food Co., Ltd.'s ("Alpha") partial consent motion for a preliminary injunction to enjoin defendant, the United States ("Defendant"), from liquidating certain of its entries of fresh garlic from the People's Republic of China.  Partial Consent Mot. for a Prelim. Inj.

---

[1] Court Nos. 17-00146 and 17-00166 have been consolidated under lead Court No. 17-00146.  See Docket Entry, ECF No. 31 (Court No. 17-00146).  The instant motion was filed in Court No. 17-00166 before consolidation.  Accordingly, references to court filings are to filings in Court No. 17-00166 unless otherwise stated.

("Mot."). ECF No. 31.[2] Specifically, Zhengyang and Alpha (together, "Plaintiff-Intervenors") seek to enjoin liquidation of all of their unliquidated entries of fresh garlic that were "entered or withdrawn from warehouse for consumption during the administrative review period" covered by the administrative determination published as *Fresh Garlic from the People's Republic of China*, 82 Fed. Reg. 27,230 (Dep't Commerce, June 14, 2017) (final results and partial rescission of the 21st antidumping duty admin. review; 2014-2015) ("Final Results"). Mot. at 2.

The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 28 U.S.C. § 1581(c) (2012) and 19 U.S.C. § 1516a(c)(2) (2012). For the reasons set forth below, Plaintiff-Intervenors' motion for a preliminary injunction is granted.

## BACKGROUND

Commerce published the Final Results on June 14, 2017. *See* Final Results, 82 Fed. Reg. at 27,230. On June 27, 2017, now-consolidated-plaintiff Qingdao Tiantaixing Foods Co., Ltd. ("QTF"), a Chinese producer and exporter of fresh garlic, filed a summons commencing Court No. 17-166  *See* Summons, ECF No. 1. On June 30, 2017, QTF filed is complaint challenging the Department of Commerce's ("Commerce") application of adverse facts available and Commerce's collapsing of QTF with several

---

[2] On September 6, 2017, the court granted Zhengyang and Alpha's partial consent motion to intervene as of right in Court No. 17-00166. *See* Docket Entry, ECF No. 36 (Court No. 17-00166). The court denied the motion to intervene with respect to proposed plaintiff-intervenor Shenzhen Xinboda Industrial Co., Ltd. ("Xinboda"). *See id.* Because injunctive relief is premised upon the court's grant of intervention, *see* Mot. at 1, the court will deny the instant motion with respect to Xinboda.

other entities. See Compl. ¶¶ 26-30, ECF No. 7.[3] On July 11, 2017, the court granted QTF's consent motion for a preliminary injunction. See Order (July 11, 2017), ECF No. 11.

Zhengyang and Alpha are separate rate respondents whose merchandise is also subject to the Final Results. See Mot. at 2-3; Final Results, 82 Fed. Reg. at 27,232. Zhengyang and Alpha received the same rate as Xinboda, which was the only mandatory respondent with a calculated rate. See Final Results, 82 Fed. Reg. at 27,232. Soon after filing their motion to intervene, Plaintiff-Intervenors filed the instant motion for a preliminary injunction. See Mot. Defendant opposes the motion. Def.'s Opp'n to the Mot. for Prelim. Inj. of Proposed Pl.-Ints. Shenzhen Xinboda Industrial Co., Ltd., Shandong Jinxiang Zhengyang Import & Export Co., Ltd., and Jining Alpha Food Co., Ltd. ("Opp'n"), ECF No. 32.[4]

## DISCUSSION

"In international trade cases, the [U.S. Court of International Trade ("USCIT")] has authority to grant preliminary injunctions barring liquidation in order to preserve a party's right to challenge the assessed duties." *Qingdao Taifa Grp. Co., Ltd. v. United States*, 581 F.3d 1375, 1378 (Fed. Cir. 2009). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council,*

---

[3] Commerce determined that QTF had failed to rebut the presumption of government control and therefore had not demonstrated its entitlement to a separate rate. Final Results, 82 Fed. Reg. at 27,232. Accordingly, Commerce assigned QTF the China-wide rate of $4.71 per kilogram. *Id.*
[4] QTF consented to the motion. Mot. at 6. Defendant-Intervenors informed Plaintiff-Intervenors that they oppose the motion, *id.*, but they did not file a formal response.

*Inc.*, 555 U.S. 7, 24 (2008). To prevail, Plaintiff-Intervenors must demonstrate (1) a likelihood of success on the merits; (2) the likelihood of irreparable harm without injunctive relief; (3) that the balance of equities favors Plaintiff-Intervenors; and (4) that injunctive relief serves the public interest. *Id.* at 20; *Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed. Cir. 198; *Nexteel Co., Ltd. v. United States*, 41 CIT ___, ___, 227 F. Supp. 3d 1323, 1327 (2017).

Pursuant to this court's rules, "[a]n intervenor may also preserve its unliquidated entries for eventual liquidation at the rates finally determined by the litigation by moving for a preliminary injunction to bar the liquidation of those entries." *Fine Furniture (Shanghai) Ltd. v. United States*, 40 CIT ___, ___, 195 F. Supp. 3d 1324, 1328 (2016) (citing USCIT Rule 56.2(a)). "[A]n 'intervenor must file a motion for a preliminary injunction no earlier than the date of filing of its motion to intervene and no later than 30 days after the date of service of the order granting intervention, or at such later time, but only for good cause shown.'" *Id.* (quoting USCIT Rule 56.2(a)).

Defendant does not oppose Plaintiff-Intervenors' motion on the basis of the four-factor test for injunctive relief. Instead, Defendant contends that Plaintiff-Intervenors' motion "should be denied because it seeks to enlarge the issues in the case, which an intervenor may not do." Opp'n at 4 (citing *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944); *Laizhou Auto Brake Equip. Co. v. United States*, 31 CIT 212, 477 F. Supp. 2d 1299-1301 (2007)).[5]

---

[5] Defendant also contends that Plaintiff-Intervenors were "not authorized" to request injunctive relief before the court resolved their motion to intervene. Opp'n at 1, 3, 4.

*Laizhou* relies on *Vinson* for the proposition that an intervenor "is admitted to a 'proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues.'" 31 CIT at 214-15, 447 F. Supp. 2d at 1300-01 (quoting *Vinson*, 321 U.S. at 498) (declining to grant injunctive relief to an intervenor). As a general rule, intervenors may not enlarge the pending substantive issues or "compel an alteration of the nature of the proceeding." *Vinson*, 321 U.S. at 498. However, the court is persuaded by more recent cases in this court, which have consistently found that granting an intervenor's motion for injunctive relief does not expand the scope of the action or change the nature of the proceeding. *See, e.g.*, *Fine Furniture*, 195 F. Supp. 3d at 1328-30. Rather, granting injunctive relief to intervenors brings additional covered entries into the action, thereby ensuring that the intervenors may obtain the benefits of a favorable outcome to the litigation. *See id.* at 1330.

During a teleconference on the instant motion, Defendant also pointed to language in Rule 56.2(a) that it contends supports its position. In particular, Defendant relied on the following sentence: "Any motion for a preliminary injunction to enjoin the liquidation of entries that are the *subject of the action* must be filed by a party to the

---

Defendant's position is contrary to the court's rules, which permit intervenors to seek injunctive relief concurrent with filing a motion to intervene. *See* USCIT Rule 56.2(a). That the court may not authorize injunctive relief until such time as a proposed intervenor is permitted to intervene does not bar the proposed intervenor from seeking injunctive relief. *See id.* Indeed, as Plaintiff-Intervenors note in their motion, "time is of the essence" because Commerce has issued liquidation instructions for Zhengyang's and Alpha's entries, the liquidation of which would remove those entries from the court's jurisdiction. Mot. at 3; *SKF USA Inc. v. United States*, 28 CIT 170, 174, 316 F. Supp. 2d 1322, 1327 (2004).

Consol. Court No. 17-00146                                                                                    Page 6

action within 30 days after service of the complaint, or at such later time, for good cause shown." USCIT Rule 56.2(a) (emphasis added); *see also Laizhou*, 31 CIT at 214-15, 477 F. Supp. 2d at 1301 (quoting USCIT Rule 56.2(a)).  Defendant contends that the entries that are the "subject of the action" are those identified in the complaint; because Plaintiff-Intervenors' entries are not identified in the complaint, they are not entitled to injunctive relief.  Defendant's reliance on Rule 56.2(a) is unavailing.

Further down, Rule 56.2(a) also states that "an intervenor must file a motion for a preliminary injunction no earlier than the date of filing of its motion to intervene and no later than 30 days after the date of service of the order granting intervention, or at such later time, but only for good cause shown." USCIT Rule 56.2(a). Read together, the sentences provide the respective deadlines that govern plaintiffs' and plaintiff-intervenors' motions for injunctive relief: generally speaking, plaintiffs must seek injunctive relief within 30 days of service of the complaint, and plaintiff-intervenors must seek injunctive relief within 30 days of the order granting intervention.  The sentence relied on by Defendant is not intended to limit the scope of injunctive relief a court may grant.  Indeed, denying injunctive relief would, in effect, provide intervenors "with a statutory right to participate in the litigation" pursuant to 28 U.S.C. § 2631(j)[6] "without

---

[6] Section 2631(j) provides, with exceptions not relevant here, that "[a]ny person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action." 28 U.S.C. § 2631(j).

any chance for relief." *Fine Furniture*, 195 F. Supp. 3d at 1330 (quoting *Tianjin Wanhua Co., Ltd. v. United States*, 38 CIT ___, ___, 11 F. Supp. 3d 1286 (2014)).[7]

The court further finds that Plaintiff-Intervenors have satisfied the requirements for a preliminary injunction. "In reviewing the factors, the court employs a 'sliding scale.' Consequently, the factors do not necessarily carry equal weight. The crucial factor is irreparable injury." *Belgium v. United States*, 452 F.3d 1289, 1293 (Fed. Cir. 2006) (citation omitted). Plaintiff-Intervenors will suffer irreparable harm absent injunctive relief because liquidation of their entries would bar them from obtaining the benefits of a favorable outcome to the litigation, i.e., a refund of any overpayment of anti-dumping duties. *Winter*, 555 U.S. at 24; Mot. at 3-4. The court has determined that QTF has demonstrated a sufficient likelihood of success on the merits, *see* Order (July 11, 2017), ECF No. 11, and because Plaintiff-Intervenors' likelihood of success on the merits is tied to that of QTF's, the court finds that this requirement is satisfied, *see Fine Furniture*,

---

[7] The sentence in Rule 56.2(a) permitting injunctive relief by intervenors begins with the words "*Notwithstanding the first sentence of this paragraph*, an intervenor must file a motion for a preliminary injunction . . . ." USCIT Rule 56.2(a) (emphasis added). In the current version of the court's rules, the first sentence states that "[a]ny motion to intervene as of right must be filed within the time and in the manner prescribed by Rule 24." *Id.* However, when the section of the rule governing intervention and motions for injunctive relief by intervenors first went into effect in 1995, the current first sentence regarding motions to intervene pursuant to Rule 24 was set off in a preceding paragraph, such that the first sentence related to motions for preliminary injunction by parties to the action (i.e., the current second sentence was, in 1995, the first sentence). *See* USCIT Rule 56.2(a) (effective Jan. 1, 1995). It thus appears to the court that the phrase "[n]ot withstanding the first sentence of this paragraph" in the current rule version should be construed as "notwithstanding the *second* sentence of this paragraph." Construing the rule in this way adds further support to the court's finding that injunctive relief is not limited to entries that are the "subject of the action."

195 F. Supp. 3d at 1333; Mot. at 5.  The balance of equities favors Plaintiff-Intervenors because they will suffer irreparable harm without injunctive relief and Defendant will suffer no apparent hardship from the grant of injunctive relief.  *Winter*, 555 U.S. at 24; Mot. at 4-5.  Finally, the public interest is served by the grant of injunctive relief.  *See SKF USA*, 28 CIT at 176, 316 F. Supp. 2d at 1329 ("As for the public interest, there can be no doubt that it is best served by ensuring that [Commerce] complies with the law, and interprets and applies our international trade statutes uniformly and fairly.") (citation omitted).

### CONCLUSION AND ORDER

Accordingly, upon consideration of Plaintiff-Intervenors' partial consent motion for a preliminary injunction, and Defendant's opposition thereto, it is hereby

**ORDERED** that Plaintiff-Intervenors' partial consent motion for a preliminary injunction is **GRANTED** as to Shandong Jinxiang Zhengyang Import & Export Co., Ltd. and Jining Alpha Food Co., Ltd., and **DENIED** as to Shenzhen Xinboda Industrial Co., Ltd.; it is further

**ORDERED** that Defendant, United States, together with the delegates, officers, agents, and employees of the International Trade Administration of the U.S. Department of Commerce and U.S. Customs and Border Protection, shall be, and hereby are, **ENJOINED** from making or permitting liquidation of any unliquidated entries of fresh garlic from the People's Republic of China (Case No. A-570-831), which:

(1) were the subject of the administrative determination published as *Fresh Garlic from the People's Republic of China: Final Results and Partial Rescission of the*

*21st Antidumping Duty Administrative Review: 2014-2015*, 82 Fed. Reg. 27,230 (June 14, 2017);

(2) were exported to the United States by Shandong Jinxiang Zhengyang Import & Export Co., Ltd., or Jining Alpha Food Co., Ltd.;

(3) were entered or withdrawn from warehouse for consumption between November 1, 2014 – October 31, 2015; and

(4) remain unliquidated as of 5:00 p.m. on the day the Court enters this order on the docket in this case; and it is further

**ORDERED** that the entries covered by this injunction shall be liquidated in accordance with the final and conclusive court decision in this matter, including all appeals and remand proceedings.

/s/      Mark A. Barnett
Mark A. Barnett, Judge

Dated: September 7, 2017
         New York, New York